J-S10045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF J.D.M., JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: C.M., MOTHER | : | No. 3090 EDA 2014 |

Appeal from the Order Entered September 29, 2014
In the Court of Common Pleas of Montgomery County
Orphans' Court at No(s): 2013-A0196

| | | |
|---|---|---|
| IN RE: ADOPTION OF C.D.M. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: C.M., MOTHER | : | No. 3091 EDA 2014 |

Appeal from the Order Entered September 29, 2014
In the Court of Common Pleas of Montgomery County
Orphans' Court at No(s): 2013-A0195

BEFORE:  GANTMAN, P.J., STABILE, J., AND PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:          **FILED FEBRUARY 12, 2015**

Appellant, C.M. ("Mother"), appeals from the orders entered in the Montgomery County Court of Common Pleas Orphans' Court, which granted the petition of Appellee, the Montgomery Office of Children and Youth Services ("OCY"), for involuntary termination of Mother's parental rights as to her minor children, J.D.M. and C.D.M. ("Children").[1]  We affirm.

---

[1] Children's birth father is not a party to this appeal.  He voluntarily relinquished his parental rights to Children at the termination hearing on March 19, 2014.

---

*Retired Senior Judge assigned to the Superior Court.

In its opinion, the Orphans' court fully and correctly sets for the relevant facts and procedural history of this case. Therefore, we have no reason to restate them.

Mother raises several issues for our review:

WHETHER THERE WAS SUFFICIENT EVIDENCE TO SUPPORT THE FINDINGS OF THIS HONORABLE COURT THAT [OCY] PROVED BY CLEAR AND CONVINCING EVIDENCE THE REQUIREMENTS OF 23 PA.C.S.A. [§] 2511(A)(1), (2) AND (8) FOR THE INVOLUNTARY TERMINATION OF [MOTHER'S] PARENTAL RIGHTS?

WHETHER THIS HONORABLE COURT ABUSED ITS DISCRETION IN FINDING THAT THE CAUSES OF THE ALLEGED INCAPACITY, ABUSE, NEGLECT OR REFUSAL CANNOT OR WILL NOT BE REMEDIED BY [MOTHER] PURSUANT TO 23 PA.C.S.A. [§] 2511(A)(2), WHEN [OCY] FAILED TO MAKE REASONABLE ACCOMMODATIONS FOR [MOTHER'S] DISABILITIES, AND FAILED TO PROVIDE MEANINGFUL ASSISTANCE IN MAINTAINING STABLE HOUSING AND OTHER SERVICES?

WHETHER THIS HONORABLE COURT ABUSED ITS DISCRETION IN TERMINATING THE PARENTAL RIGHTS OF [MOTHER] ON THE BASIS OF ENVIRONMENTAL FACTORS SUCH AS INADEQUATE HOUSING, FURNISHINGS, INCOME, CLOTHING AND MEDICAL CARE, WHEN THOSE FACTORS WERE BEYOND [MOTHER'S] CONTROL PURSUANT TO 23 PA.C.S.A. [§] 2511(B), AND WHEN [OCY] FAILED TO MAKE REASONABLE ACCOMMODATIONS FOR [MOTHER'S] DISABILITIES AND FAILED TO PROVIDE MEANINGFUL ASSISTANCE IN MAINTAINING STABLE HOUSING AND OTHER SERVICES?

WHETHER THIS HONORABLE COURT ABUSED ITS DISCRETION IN FINDING THAT THE DEVELOPMENTAL, PHYSICAL AND EMOTIONAL NEEDS AND WELFARE OF [CHILDREN] WILL BE BEST SERVED BY THE TERMINATION OF [MOTHER'S] PARENTAL RIGHTS PURSUANT TO 23 PA.C.S.A. [§] 2511(B), WHEN THERE IS A STRONG AND LOVING BOND BETWEEN [MOTHER] AND THE CHILDREN,

AND SEVERANCE OF THAT BOND WILL CAUSE IRREPARABLE HARM TO THE CHILDREN?

WHETHER THIS HONORABLE COURT ERRED IN GRANTING [OCY'S] PETITION TO CHANGE THE GOAL FROM REUNIFICATION TO ADOPTION WHEN THE GOAL OF REUNIFICATION REMAINS THE MOST APPROPRIATE AND FEASIBLE GOAL BASED ON THE STATUTORY FACTORS SET FORTH IN 42 PA.C.S.A. [§] 6351(F)?

WHETHER THIS HONORABLE COURT ERRED IN GRANTING [OCY'S] PETITION TO CHANGE THE GOAL FROM REUNIFICATION TO ADOPTION WHEN [OCY] FAILED TO MAKE REASONABLE EFFORTS TO FINALIZE THE PERMANENCY PLAN GOAL OF REUNIFICATION?

WHETHER THIS HONORABLE COURT HAD SUFFICIENT EVIDENCE TO DETERMINE THE APPROPRIATENESS OF CHANGING THE GOAL FROM REUNIFICATION TO ADOPTION WHEN THE COURT DID NOT CONSULT WITH THE CHILDREN REGARDING THE PERMANENCY PLAN PURSUANT TO 42 PA.C.S.A. [§] 6351(E)(1)?

(Mother's Brief at 4-5).[2]

Appellate review in termination of parental rights cases implicates the following principles:

In cases involving termination of parental rights: "our standard of review is limited to determining whether the order of the trial court is supported by competent evidence, and whether the trial court gave adequate consideration to the effect of such a decree on the welfare of the child."

*In re Z.P.*, 994 A.2d 1108, 1115 (Pa.Super. 2010) (quoting *In re I.J.*, 972

_____

[2] Mother's brief on appeal presents no legal argument based on Section 6351, as recited in Mother's issues 5 through 7. Mother merely quotes the statute and draws conclusions based on her interpretation of the facts and circumstances of the case. Therefore, we give these issues no further attention.

- 3 -

A.2d 5, 8 (Pa.Super. 2009)).

> Absent an abuse of discretion, an error of law, or insufficient evidentiary support for the trial court's decision, the decree must stand. … We must employ a broad, comprehensive review of the record in order to determine whether the trial court's decision is supported by competent evidence.

> *In re B.L.W.*, 843 A.2d 380, 383 (Pa.Super. 2004) (*en banc*)*, appeal denied*, 581 Pa. 668, 863 A.2d 1141 (2004) (internal citations omitted).

> Furthermore, we note that the trial court, as the finder of fact, is the sole determiner of the credibility of witnesses and all conflicts in testimony are to be resolved by [the] finder of fact. The burden of proof is on the party seeking termination to establish by clear and convincing evidence the existence of grounds for doing so.

> *In re Adoption of A.C.H.*, 803 A.2d 224, 228 (Pa.Super. 2002) (internal citations and quotation marks omitted). The standard of clear and convincing evidence means testimony that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitation, of the truth of the precise facts in issue. *In re J.D.W.M.*, 810 A.2d 688, 690 (Pa.Super. 2002). We may uphold a termination decision if any proper basis exists for the result reached. *In re C.S.*, 761 A.2d 1197, 1201 (Pa.Super. 2000) (*en banc*). If the court's findings are supported by competent evidence, we must affirm the court's decision, even if the record could support an opposite result. *In re R.L.T.M.*, 860 A.2d 190, 191[-92] (Pa.Super. 2004).

*In re Z.P., supra* at 1115-16 (quoting *In re Adoption of K.J.*, 936 A.2d 1128, 1131-32 (Pa.Super. 2007), *appeal denied*, 597 Pa. 718, 951 A.2d 1165 (2008)).

After a thorough review of the record, the briefs of the parties, the

applicable law, and the well-reasoned opinion of the Honorable Lois E. Murphy, we conclude Mother's issues merit no relief. The Orphans' court opinion comprehensively discusses and properly disposes of the questions presented. (**See** Orphans' Court Opinion, filed September 29, 2014, at 5-17) (finding: Children were removed from Mother on September 21, 2011, at Mother's own initiative by calling OCY; Mother suffers from multiple medical and mental health issues, including multiple sclerosis and bipolar disorder; Mother acknowledges history of drug abuse, including abuse of prescription drugs, methamphetamines, amphetamines, and cocaine; Mother, for some time, actively worked toward reunification with Children per OCY's goals; however, among other circumstances, Children's birth father was released from jail and took from Mother money meant for housing, and Mother subsequently lost housing; Mother appeared intoxicated on some visits with Children; Mother missed approximately 50 percent of visits and 60 percent of scheduled phone calls; Mother allowed birth father to be present on unsupervised visits with Children, though birth father was not to attend because he was found intoxicated previously while around Children; Mother failed to obtain recommended long-term outpatient psychotherapy; Mother tested positive in drug tests on at least eight occasions; Mother acknowledged history of health, financial, and housing instability; Mother refused to provide current address to OCY caseworker; Mother is unable to provide Children with essential parental care, control, or

sustenance necessary for their physical and mental well-being; the causes of Mother's incapacity, abuse, neglect, or refusal cannot or will not be remedied; Mother has not provided housing, met Children's needs, or maintained consistent parent-child relationship; OCY proved by clear and convincing evidence that Mother failed and refused to perform her parental duties for 36 months, beyond 6-month period prior to filing of petitions; conditions leading to placement of Children continue to exist and cannot or will not be remedied by Mother; Mother lacks capacity to meet all obligations of providing safe, secure, and nurturing home for Children; OCY met its burden of proof under Section 2511(a)(1), (a)(2), and (a)(8); per Section 2511(b), parental bond between Mother and Children is attenuated; Children have developed significant bond with foster parents; Children are very well loved and entrenched in foster home; Children's emotional needs and welfare are best met by termination of Mother's parental rights, and Children will not suffer irreparable harm as result of termination; OCY made reasonable efforts to attempt to reunify Children with Mother, but court found adoption appropriate; OCY established basis for terminating Mother's parental rights to Children).  Accordingly, we affirm the termination of Mother's parental rights to Children on the basis of the Orphans' court opinion.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/2015