J-S55027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF: A.G.R. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: J.R. | : | No. 667 MDA 2017 |

Appeal from the Decree March 24, 2017
In the Court of Common Pleas of Luzerne County
Orphans' Court at No(s):  A-8408

BEFORE:   DUBOW, RANSOM, and STRASSBURGER[*], JJ.

JUDGMENT ORDER BY RANSOM, J.:              **FILED SEPTEMBER 15, 2017**

J.R. ("Father") appeals from the decree entered March 17, 2017, and amended March 24, 2017, in the Court of Common Pleas of Luzerne County, which granted the petition filed by his former girlfriend, A.L. ("Mother"), and her fiancé, M.M. ("Fiancé") (collectively, "Petitioners"), and involuntarily terminated his parental rights to his minor daughter, A.G.R.[1] ("Child"), born in February 2008.  After careful review, we vacate the decree and remand this case so that the orphans' court may conduct a hearing regarding Child's needs and welfare pursuant to 23 Pa.C.S. § 2511(b).

_____

[*] Retired Senior Judge assigned to the Superior Court.
[1] We use the parties' initials throughout this memorandum to protect the minor child's identity.  In the future the parties' briefs should refrain from using the minor child's full name in pleadings.

Termination of parental rights is governed by Section 2511 of the Adoption Act, 23 Pa.C.S. §§ 2101-2938, which requires a bifurcated analysis.

> Once the statutory requirement for involuntary termination of parental rights has been established under subsection (a), the court must consider whether the child's needs and welfare will be met by termination pursuant to subsection (b). In this context, the court must take into account whether a bond exists between child and parent, and whether termination would destroy an existing, necessary and beneficial relationship.

**Ibn re Z.P.**, 994 A.2d 1108, 1121 (Pa. Super. 2010).

"Above all else in determining whether parental rights should be terminated, adequate consideration must be given to the needs and welfare of the child." **In re J.D.W.M.**, 810 A.2d 688, 690 (Pa. Super. 2002) (citing **In re Child M.**, 681 A.2d 793 (Pa. Super. 1996), *appeal denied*, 686 A.2d 1307 (Pa. 1996)). "In similar cases where we have found a trial court's [needs and welfare] analysis to be lacking, we have remanded the case to the trial court for the taking of additional evidence with regard to emotional bonds and the effect of termination on the children." **In re I.J.**, 972 A.2d 5, 13 (Pa. Super. 2009) (citing **In re T.F.**, 847 A.2d 738, 743 (Pa. Super. 2004); **In re Termination of C.W.S.M.**, 839 A.2d 410 (Pa. Super. 2003)).

In this case, the orphans' court conducted a termination hearing on October 25, 2016, and February 17, 2017.[2] During the hearing, the court

---

[2] The orphans' court heard the testimony of Mother, Fiancé, and Father's mother, D.S. In addition, the court heard the testimony of Father, who
*(Footnote Continued Next Page)*

indicated that the parties should present evidence with respect to Section 2511(a), and that the court would hear evidence with respect to Section 2511(b) only if it first determined that grounds under Section 2511(a) had been met. **See** N.T., 10/25/2016, at 62 ("At this point in time, I would like to hear your case as to grounds, and then we'll move into whether we need to address the best interest."). Following the hearing, the court took the case under advisement and entered a decree terminating Father's parental rights without ever permitting the parties to present evidence as to Section 2511(b). While the court included a Section 2511(b) analysis in its opinion, we cannot conclude that the court's findings are supported by the record when the record itself is incomplete.

Accordingly, we must vacate the termination decree and remand this matter so that the orphans' court may conduct an additional hearing regarding Child's needs and welfare. The court shall conduct its hearing and enter a ruling on the termination petition within sixty days of the date of this judgment order.[3, 4]

*(Footnote Continued)* ———————————————

participated via videoconference from SCI Graterford, where he is serving a lengthy sentence of incarceration after being convicted of unlawful contact with a minor.

[3] Notably, Petitioners agree that the case should be remanded for further testimony. **See** Petitioners' brief at 2, 9-10.

[4] During the termination hearing, Mother testified that she and Fiancé intended to marry in May 2017. N.T., 10/25/2016, at 7. On remand, the orphans' court should ascertain whether the anticipated marriage actually took place.

Decree vacated. Case remanded for further proceedings consistent with this judgment order. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/15/2017