J-A10039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF T.M.C. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: J.S.R., MOTHER | : | No. 3414 EDA 2018 |

Appeal from the Order Entered October 25, 2018
In the Court of Common Pleas of Montgomery County
Orphans' Court at No(s):  No. 2018-A0118

BEFORE:  GANTMAN, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.E.:                    **FILED MAY 17, 2019**

Appellant, J.S.R. ("Mother"), appeals from the order entered in the Montgomery County Court of Common Pleas, which terminated Mother's parental rights to her minor child, T.M.C. ("Child").  We affirm.

The relevant facts and procedural history of this case are as follows. The Montgomery County Office of Children and Youth ("OCY") first became involved with Mother in November 2015, when Mother was fifteen years old. Due to Mother's behavioral problems and unwillingness to cooperate with any OCY services, OCY took custody of Mother in April 2016.  Shortly after, it was discovered that Mother was pregnant with Child.  Mother gave birth to Child in October 2016.

In February 2017, Mother attempted to run away with Child from the mother-baby facility where Mother was living.  As a result, OCY took custody of Child and placed Child in foster care.  Due to Mother's failure to meet her Family Service Plan objectives, OCY filed a petition on June 19, 2018, for

involuntary termination of Mother's parental rights under 23 Pa.C.S.A. § 2511(a)(1), (2), (8), and (b). The court held a termination hearing on October 24 and 25, 2018.[1] Following the hearing, the court granted OCY's petition.[2] Mother timely filed a notice of appeal on November 26, 2018, as well as a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925.

Mother raises the following issue for our review:

> THE TRIAL COURT ERRED IN FINDING CLEAR AND CONVINCING EVIDENCE EXISTED TO TERMINATE BIRTH MOTHER'S PARENTAL RIGHTS UNDER 23 PA.C.S. SECTION 2511(A)(1), (2), (8).

(Mother's Brief at 7).

Appellate review of termination of parental rights cases implicates the following principles:

> In cases involving termination of parental rights: "our standard of review is limited to determining whether the order of the trial court is supported by competent evidence,

---

[1] Throughout the termination proceedings, the same attorney-guardian *ad litem* ("GAL") represented Child's interests. Because Child was less than three years old at the time of the termination proceedings, we can presume, absent any evidence in the record to the contrary, that there was no conflict between Child's best interests and her legal interests. ***See In Re: T.S.***, ___ Pa. ___, 192 A.3d 1080 (2018) , *cert. denied*, ___ U.S. ___, 139 S.Ct. 1187, 203 L.Ed.2d 220 (2019) (holding appointment of second counsel for child, in contested termination proceedings, is not required to represent separate legal interests of child, where child's legal interests and best interests do not diverge; due to child's young age (less than three years old), presumption exists that child was too young to express subjective preferred outcome of termination proceedings; therefore attorney-GAL could fulfill statutory mandate for appointment of counsel and represent both best interests and legal interests of child).

[2] Father voluntarily relinquished his parental rights on October 24, 2018.

and whether the trial court gave adequate consideration to the effect of such a decree on the welfare of the child."

*In re Z.P.*, 994 A.2d 1108, 1115 (Pa.Super. 2010) (quoting *In re I.J.*, 972 A.2d 5, 8 (Pa.Super. 2009)).

> Absent an abuse of discretion, an error of law, or insufficient evidentiary support for the trial court's decision, the decree must stand. … We must employ a broad, comprehensive review of the record in order to determine whether the trial court's decision is supported by competent evidence.
>
> *In re B.L.W.*, 843 A.2d 380, 383 (Pa.Super. 2004) (*en banc*), *appeal denied*, 581 Pa. 668, 863 A.2d 1141 (2004) (internal citations omitted).
>
> Furthermore, we note that the trial court, as the finder of fact, is the sole determiner of the credibility of witnesses and all conflicts in testimony are to be resolved by the finder of fact. The burden of proof is on the party seeking termination to establish by clear and convincing evidence the existence of grounds for doing so.
>
> *In re Adoption of A.C.H.*, 803 A.2d 224, 228 (Pa.Super. 2002) (internal citations and quotation marks omitted). The standard of clear and convincing evidence means testimony that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitation, of the truth of the precise facts in issue. *In re J.D.W.M.*, 810 A.2d 688, 690 (Pa.Super. 2002). We may uphold a termination decision if any proper basis exists for the result reached. *In re C.S.*, 761 A.2d 1197, 1201 (Pa.Super. 2000) (*en banc*). If the court's findings are supported by competent evidence, we must affirm the court's decision, even if the record could support an opposite result. *In re R.L.T.M.*, 860 A.2d 190, 191-92 (Pa.Super. 2004).

*In re Z.P., supra* at 1115-16 (quoting *In re Adoption of K.J.*, 936 A.2d 1128, 1131-32 (Pa.Super. 2007), *appeal denied*, 597 Pa. 718, 951 A.2d 1165

(2008)).

After a thorough review of the record, the briefs of the parties, the applicable law, and the careful decision of the Honorable Cheryl L. Austin, we conclude Mother's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, dated December 5, 2018, at 11-19) (finding: Mother suffers from numerous mental health issues but has failed to take advantage of opportunities to enable her to care for Child; Mother has neglected her parental duties and expects others to care for Child; Mother provided no credible testimony of plans to remedy her mental health issues; instead, Mother blames agencies for her lack of treatment; Mother has made no efforts to obtain sufficient and consistent contact with Child, and there is only minimal bond between them; all of Mother's visits with Child have been supervised since Child's placement; Child is thriving in foster home and is bonded to foster parents; Child looks to foster parents to meet all of her needs; Child will not suffer detrimental harm as result of terminating Mother's parental rights; termination was proper under Section 2511(a)(1), (2), (8) and (b)). Accordingly, we affirm on the basis of the trial court opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/19

Case# 2018-A0118-5.2 Received at Montgomery County Register of Wills Office on 12/05/2018 12:12 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
ORPHANS' COURT DIVISION

IN RE: ADOPTION OF    T.M.C.
ORPHANS' COURT NUMBER 2018-A0118

**PENNSYLVANIA RULE OF APPELLATE PROCEDURE 1925(a) OPINION**

AND NOW, this _5th_ day of December, 2018, following the Notice of Appeal

received by the Orphans' Court on behalf of birth mother on November 16, 2018[1], and docketed

November 26, 2018, this Court's reasoning as to the entry of the Order appealed from can be

found in the transcript of October 25, 2018, at pages 1-22, a copy of which is attached as Exhibit

A.

BY THE COURT:

_____
CHERYL L. AUSTIN, J.

Copy of the above mailed on ___12/5/18___ to:
Maria Cutillo Teare, Esquire, Attorney for child
Jodi Griffis, Esquire, Attorney for birth mother (Appellant)
Christina Terebelo, Esquire, OCY

_____
Secretary

---

[1] Counsel for the Appellant attempted to file her client's appeal in person with the Montgomery County Orphans' Court on Novermber 16, 2018. There was an administrative error that occurred and the documents were not docketed until November 26, 2018. This appeal should be considered timely in light of the administrative error.

THIS DOCUMENT WAS DOCKETED AND SENT ON 12/06/2018

Case# 2018-A0118-5.2 Received at Montgomery County Register of Wills Office on 12/05/2018 12:12 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# EXHIBIT   A

Case# 2018-A0118-5.2 Received at Montgomery County Register of Wills Office on 12/05/2018 12:12 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS
IN AND FOR THE COUNTY OF MONTGOMERY, PENNSYLVANIA
ORPHANS' COURT DIVISION

- - -

IN RE: ADOPTION OF      : NO. 2018-A0118
    T.M.C.       :

- - -

PETITION FOR INVOLUNTARY TERMINATION OF PARENTAL RIGHTS

- - -

Thursday, October 25, 2018
Commencing at 9:30 a.m.

- - -

Linda Piersig, RPR
Official Court Reporter
Montgomery County Courthouse
Courtroom 15
Norristown, PA 19401

- - -

BEFORE: THE HONORABLE CHERYL L. AUSTIN, JUDGE

- - -

COUNSEL APPEARED AS FOLLOWS:

   CHRISTINA TEREBELO, ESQUIRE
    for the Petitioner

   MARIA CUTILLO TEARE, ESQUIRE
    for the Minor Child

   JODI GRIFFIS, ESQUIRE,
    for the Birth Mother

- - -

Case# 2018-A0118-5.2 Received at Montgomery County Register of Wills Office on 12/05/2018 12:12 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ADOPTION OF T. M. C.

2

THE COURT: Good morning, everyone.

All right, counsel, we are here on day two of our hearing for the Office of Children & Youth petition to involuntarily terminate the parental rights of birth mother.

Is there any other evidence, motions, anything else for this Court's consideration prior to rendering my decree in this matter?

MS. TEREBELO: No, Your Honor.

MS. TEARE: No, Your Honor.

MS. GRIFFIS: No, Your Honor.

THE COURT: All right.

OPINION IN SUPPORT OF ORDER

THE COURT: In the case indexed at 2018-A0118, in the Office of Children & Youth petition for the involuntary termination of parental rights for birth mother, J. S. R. I have listened carefully to all of the testimony in this matter. I am going to render my decision from the bench.

For the record, this explanation and this decision is my opinion in this matter and this verbal statement on the record is designed to satisfy the Pennsylvania Rules of Appellate Procedure, specifically 1925(a).

Case# 2018-A0118-5.2 Received at Montgomery County Register of Wills Office on 12/05/2018 12:12 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ADOPTION OF T.M.C. 3

The appeal rights of all parties shall be explained to the parties by their respective attorneys.

All counsel are reminded that exceptions in matters of this type were abolished and therefore any appeal is a direct appeal to the Superior Court within 30 days of today's date.

The Office of Children & Youth -- I am going to refer to it hereinafter as OCY -- has filed a petition to terminate the parental rights of birth mother, J.S.R., to her daughter, T.M.C. who was born on October 2016. This child will be two next week.

The birth father voluntarily relinquished his parental rights yesterday, October 24, 2018.

OCY filed its petition on June 19, 2018, and alleges the following grounds as its basis for terminating birth mother's parental rights. They are Section 2511(a)(1), (a)(2), and (a)(8) of the Pennsylvania Adoption Act. If any one of these grounds is established and proven by clear and convincing evidence, then termination of rights will occur.

Now, OCY has to prove its case by clear

Case# 2018-A0118-5.2 Received at Montgomery County Register of Wills Office on 12/05/2018 12:12 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ADOPTION OF T. M. C.                                    4

and convincing evidence. As you know, the standard of clear and convincing evidence is a threshold for termination and it was established by the U.S. Supreme Court in the case of <u>Santosky vs. Kramer</u>. It's a 1982 case indexed at 455 U.S. 745.

This standard is defined as testimony that is so clear, direct, and weighty, and convincing as to enable me, as the trier of fact, to come to a clear conviction without any hesitancy of the truth of the precise facts at issue. It is not necessary that the evidence be uncontradicted, provided that it carries a clear conviction to the mind or carries a clear conviction of its truth. This sentiment is taken from the case <u>LaRocca Trust</u>, cited at 192 A.2d 409, a 1963 case.

So I am going to start off by listing the requirements for each of the grounds that OCY is pursuing termination in this matter. Starting off with Section 2511(a)(1), that requires that the parent has failed or refused to perform parental duties for six months before it filed its petition or the parent has evidenced a settled purpose of relinquishing her parental rights to the child.

In Section (a)(2), that provides that

Case# 2018-A0118-5.2 Received at Montgomery County Register of Wills Office on 12/05/2018 12:12 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ADOPTION OF  T.M.C.  5

the repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for her physical or mental well-being.

In addition, the conditions and causes of that incapacity, abuse or neglect or refusal cannot or will not be cured within a reasonable period of time, will not be remedied by the parent.

Also under Section (a)(2) I have to consider whether the Office of Children & Youth or OCY has proven this abuse and neglect by clear and convincing evidence, or whether the parent's incapacity to parent has been proven.

In this case while there has been no proof of abuse of the child, I must evaluate whether OCY has proved by clear and convincing evidence that the parent lacks the capacity to parent her child or to provide even the minimum requirements that all children are entitled to.

Finally, under 2511(a)(8), the test is the child has been removed from the care of the parent by the Court or under a voluntary agreement with the agency; 12 months or more have elapsed from the date of removal or placement; the conditions which led to the

Case# 2018-A0118-5.2 Received at Montgomery County Register of Wills Office on 12/05/2018 12:12 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ADOPTION OF   T.M.C.                                                6

removal or placement of the child continue to exist and termination of parental rights would best serve the needs and the welfare of the child.

So with regard to (a)(8), the child has to have been removed. In this case the child was removed from the care of the parent in February of 2017 and remains in the custody of OCY to the present, a period of approximately 20 months, so it meets that period threshold for Section (a)(8).

So because the time periods are satisfied under (a)(8), I also need to then ask the question or answer the questions whether or not the conditions that led to the removal of the child from the home in the first place, whether or not those conditions continued to exist at the time that the petition was filed, which in this case was on June 19, 2018. I also need to ask whether the parent can or will remedy the conditions within a reasonable time frame; and finally, whether terminating the birth mother's parental rights will best serve the needs and the welfare of the child.

Interpreting this statute, the Pennsylvania Superior Court has identified certain minimum requirements that all children in Pennsylvania

Case# 2018-A0118-5.2 Received at Montgomery County Register of Wills Office on 12/05/2018 12:12 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ADOPTION OF T.M.C.                                          7

are entitled to from their parents and that includes adequate housing, clothing, food, love, and supervision. The necessary implication then is that a parent who cannot or will not meet even these minimum requirements as set by the Juvenile Act within a reasonable period of time after the state has intervened, and in this case OCY is considered the state, then they may properly have their parental rights terminated. That's the sentiment of our courts and of our law. Thus, the grounds for terminating parental rights may consist of a lack of capacity and not just any affirmative misconduct.

That sentiment is taken from several cases that I am going to cite for the record: In re: Diaz at 669 A.2d 372, a 1995 case; then there is the case of In re: JW, AW, VW and JW. That cite is 578 A.2d 952 and 958. That is a 1990 case. There is the case of In re: E.M., cited at 620 A.2d 481, a 1993 case.

At this point I will state for the record my findings of fact.

Birth mother is a young woman who turned 18 recently, last month,                    , one month ago.

Case# 2018-A0118-5.2 Received at Montgomery County Register of Wills Office on 12/05/2018 12:12 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ADOPTION OF T.M.C.                                    8

She gave month birth to T.M.C. in October 2016.

Prior to the child's birth birth mother had numerous encounters with the Montgomery County juvenile justice system due to her ongoing ungovernable behavior, including a delinquency adjudication for retail theft in 2016 and a probation violation involving a stolen credit card and weapons.

While birth mother was pregnant with T.M.C. she was placed in numerous juvenile facilities, namely Bethany Children's Home, Haven Homes, and Pickney's mother-baby program, as well as the Abraxas Detention Center and the Montgomery County Youth Center detention center and shelter.

Birth mother's stays at the juvenile facilities during this time were unsuccessful. Four months after giving birth to T.M.C., birth mother tried to run away from Pickney's with her baby, but was intercepted by staff. At that time the child was placed into OCY custody while birth mother was placed at the Montgomery County Youth Center two weeks later.

The following April birth mother was placed at another juvenile facility, Family United Network where she stayed for about six weeks before

Case# 2018-A0118-5.2 Received at Montgomery County Register of Wills Office on 12/05/2018 12:12 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ADOPTION OF   T. M. C.                                    9

running away.   Birth mother was in a runaway status for two months before returning to the custody of her probation officer.

Throughout this time birth mother was given a Family Service Plan requiring her to follow community and household rules.   Requiring her also to address her mental health needs among other goals.   She has made minimal progress due to her own actions that severely limit the remedial therapeutic impact of the numerous placements.

After an exhaustive search, birth mother was placed in a restrictive juvenile facility, Danville, where she initially clashed with staff members.   After her relocation within the confined structure of Danville, birth mother completed her GED and completed her program.

Upon leaving Danville, birth mother was placed in a foster home where she incurred the infraction of having an unauthorized overnight male visitor within one month of her placement in the home.

Birth mother has obtained employment within the last month.

Now, I am going to address some factors that I think are relevant to this opinion, initially

Case# 2018-A0118-5.2 Received at Montgomery County Register of Wills Office on 12/05/2018 12:12 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ADOPTION OF   T.M.C.                          10

addressing where the parent has a mental disability.

The Supreme Court of Pennsylvania has held that it is not a violation of constitutional rights for an individual's parental rights to be terminated due to a parent's mental disabilities or handicaps that prevent the parent from being able to provide the proper care for the child. As the Supreme Court explained in reaching that decision, a decision to terminate parental rights, never to be made lightly or without a sense of compassion for the parent, can seldom be more difficult than when termination is based on parental incapacity.

The legislature, however, when it adopted the Adoption Act, concluded that a parent who is incapable of performing parental duties is just as parentally unfit as one who refuses to perform the duties. And that sentiment comes from In re: William L., cited at 383 A.2d 1239, and that is a 1978 case.

The Supreme Court of Pennsylvania has also held that a mental impairment or disability does not require OCY to meet additional burdens or even to a higher standard in order to justify the Court's termination of a parent's right to her child. A duty is placed on the parent to work with OCY and receive

Case# 2018-A0118-5.2 Received at Montgomery County Register of Wills Office on 12/05/2018 12:12 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ADOPTION OF     T. M. C.                                    11

services in order to learn necessary parenting skills.

Despite a parent's wishes and desire to preserve a parental bond or a parental role, in cases where the parent is incapable of providing basic necessities and will continue to suffer such parental incapacity, the focus of the Court must not be on the parent's wishes and desires, but instead that focus is on the child's need for security, safety, stability, permanency, and well-being.  The child's safety is the paramount concern.

Substitute care is a temporary setting, but it is not a place for a child to grow up in.  And that sentiment is taken from the Pennsylvania Adoptions and Safe Family Act, namely Section 101(b)(7).

My review of OCY Exhibit 7, which is Dr. Buxbaum's Psychiatric Evaluation, indicates that birth mother is a troubled teen with numerous mental health issues.  Despite the opportunities provided by our government, in this case our Juvenile Justice Center and OCY, to address these issues on at least five occasions, birth mother has failed to sufficiently take advantage of the opportunities to get better so that she can take care of her child.

Now, I am also going to address the

Case# 2018-A0118-5.2 Received at Montgomery County Register of Wills Office on 12/05/2018 12:12 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ADOPTION OF   T. M. C.                                    12

factor of parental drug use.  This Court has heard insufficient evidence regarding birth mother's illegal drug use such that it is not a factor in this Court's decision.

So now I am going to address the grounds that OCY is seeking termination in this matter.  To satisfy the requirements of Section 2511(a)(1) the moving party, in this case OCY, must produce clear and convincing evidence of conduct sustained for at least six months prior to filing the termination petition that reveals a settled intent to relinquish parental claim to a child or a refusal or a failure to perform parental duties.  And that sentiment is from the Adoption of RJS, cited at 901 A.2d 502 and 510.  That's a 2006 Pennsylvania Superior Court case.

Once the evidence establishes a failure to perform parental rights, the Court must then engage in three lines of inquiry.  The parent's explanation for her conduct, the post-abandonment contact between the parent and the child, and finally, considering the effect that a parental termination would have on the child pursuant to Section 2511(b).  And that is taken from In re: Z.S.W., cited at 946 A.2d 726 and 730.  A Pennsylvania Supervisor Court case from 2008.

Case# 2018-A0118-5.2 Received at Montgomery County Register of Wills Office on 12/05/2018 12:12 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ADOPTION OF  T.M.C                                    13

So parental duties then require a parent to act affirmatively with good faith interest and effort and not yield to every problem even in difficult circumstances.  A parent has to use all available resources and exercise reasonable firmness in resisting obstacles placed in the path of maintaining that parent-child relationship.  You can't just throw up your hands and blame the system.  You have to do something.  An affirmative duty is required.

To be legally sufficient any post-abandonment contact must demonstrate a very serious intent on the part of the parent to recultivate a parent-child relationship and must also demonstrate a willingness and capacity to undertake that parental role.  Again that's taken from the case In re: Z.P., cited at 994 A.2d 1108 and 1119.  That's a Pennsylvania Superior Court case from 2010.

In this case, the Court hereby determines that OCY has established by clear and convincing evidence that the parent has failed to perform any parental duties for a period of more than six months prior to the filing of the petition for termination of parental rights.

In addition to a finding of birth

Case# 2018-A0118-5.2 Received at Montgomery County Register of Wills Office on 12/05/2018 12:12 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ADOPTION OF   T.M.C.                                    14

mother's incapacity, this Court determines that there is neglect in this case. Birth mother's actions and her testimony reflect that she expected others to care for the child, thereby abdicating her parental role.

These facts indicate to me by clear and convincing evidence that birth mother is not capable of performing minimal parental duties.

Now, I will address the requirements under Section (a)(8). And that is the time periods which are clearly established in this case since the child has been in the custody of OCY for a period of approximately 20 months, whether the conditions that led to the removal of T.M.C. from the home continued to exist at the time that the petition was filed, which was June 19, 2018, whether the parent can or will remedy the conditions within a reasonable time, and, finally, whether terminating the parental rights will best serve the needs and the welfare of the child.

This Court received credible -- or did not receive any credible testimony of birth mother's plans to address her mental health issues should the child be placed in her custody. Instead, the Court heard birth mother blame the agencies for her lack of treatment. This testimony reflects a lack of insight

Case# 2018-A0118-5.2 Received at Montgomery County Register of Wills Office on 12/05/2018 12:12 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ADOPTION OF  T.M.C.                    15

that hopefully may get better with maturity, but at this stage it is not in the child's best interest.

Birth mother testified regarding her latest infraction involving the overnight house guest with the statement of:  "I made a dumb mistake." Unless and until birth mother gets serious about her own mental instability, she is considered by the Court a detriment to the safety and well-being of this child.

Having found that OCY has met its burden of clear and convincing evidence for Sections (a)(1), (a)(2), and (a)(8), I must now address the needs and the welfare analysis under Section (b).

So thus far my focus has been on the parent, in this case the birth mother.  Under Section 2511(b) the focus is on the child.  Our Supreme Court in 2013 stated as follows:  If the grounds for termination under subsection (a) are met, a court shall give primary consideration to the developmental, physical and emotional needs and welfare of the child.

The emotional needs and welfare of the child have been properly interpreted to include the intangibles that I mentioned earlier, things like love, comfort, security, and stability.  That is taken from the case In re: K.M., cited at 53 A.3d 781 and 791, a

Case# 2018-A0118-5.2 Received at Montgomery County Register of Wills Office on 12/05/2018 12:12 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ADOPTION OF  T.M.C.                                    16

Pennsylvania Superior Court case from 2012.

In the case of In re: E.M., cited at 620 A.2d 481 and 485 from 1993, this court held that determining a child's needs and welfare requires considering the emotional bonds that exist between a parent and a child. The utmost attention should be paid to discerning the effect on the child of permanently severing that bond. That's very important. And it has been a crucial king pin in a lot of cases involving parental termination, but that point is made in the case In re: T.S.M., cited at 71 A.3d 251 and 267, a 2013 case.

So Section (b) of the statute requires the Court to give primary consideration to the developmental, physical, and emotional needs and welfare of the child. The Superior Court in their interpretation of the Adoption Act has held that the health and safety of the child supersedes all other considerations.

In considering the child's needs and welfare, the Court must consider the role of parental bond in a child's life. I am required by prior case law to fully consider whether a parental bond exists to such an extent that severing that natural relationship

Case# 2018-A0118-5.2 Received at Montgomery County Register of Wills Office on 12/05/2018 12:12 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ADOPTION OF  T. M. C.                          17

would be contrary to the needs and the welfare of the child.

The Pennsylvania Supreme Court has observed that there is a very delicate balance between preserving a family unit and preventing a state of uncertainty and limbo for a child who has no reasonable prospects of returning home to the care of her natural parent.  In fact, in such a case the Supreme Court has observed that where, as here, disruption of a family has already occurred and there is no reasonable prospect for reuniting the family without serious emotional harm to the child, the issue for the state then is not whether the state should intrude to disrupt an ongoing family relationship, but whether the state should seek to preserve in law a relationship that no longer really exists with the result that the child is consigned indefinitely to the limbo of foster care or the impersonal care of institutions.  That's taken from the case In re: William L., cited at 383 A.2d 1228 and 1241, a 1978 case.

In this case the testimony clearly establishes that although there is affection and birth mother cares for and plays with the child, she has not made efforts to obtain sufficient and consistent

Case# 2018-A0118-5.2 Received at Montgomery County Register of Wills Office on 12/05/2018 12:12 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ADOPTION OF T.M.C.                                          18

contact and there is minimal bond between the child and birth mother.

Ever since the child was placed in the custody of OCY, all visits with birth mother have been supervised. While in placement the child was taken to visit birth mother in whatever facility she was residing at the time. After redirection, birth mother's behavior was appropriate with the child. The visits are entertaining with games and a fun setting. T.M.C. at approximately two years of age calls birth mother mommy, smiles when she sees birth mother at visits and is not disappointed to end the visits.

T.M.C. is thriving in her foster home where she looks to her foster parents to meet all of her needs. In the setting of her foster home, T.M.C. has become bonded and attached to the entire family.

In this case, birth mother has not provided a home, has not met the child's needs, and has not maintained a consistent and strong parent-child relationship. Birth mother's desire to start over at this time is insufficient to meet the child's needs for consistent and reliable love, affection, and, importantly, responsibility.

I conclude that the emotional needs and

Case# 2018-A0118-5.2 Received at Montgomery County Register of Wills Office on 12/05/2018 12:12 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ADOPTION OF T.M.C.                                     19

welfare of this child can best be met by termination of the parental rights of birth mother and that the child will not suffer a detriment as a result of terminating birth mother's parental rights.

In this case, I find that the parental bond between birth mother and T.M.C. is minimal. By contrast, I find that a bond has developed between the foster parents and the child that has been described as a strong, secure attachment. T.M.C. is content in her foster home, knowing that she can count on the stability of her foster parents to meet all of her needs.

Therefore, I find from the evidence and testimony that terminating birth mother's rights best serves the needs and welfare of T.M.C. and terminating the parental rights of birth mother will not irreparably harm T.M.C..

On this day, based upon the facts presented and the law, I must enter a final decree terminating the parental rights of birth mother to T.M.C..

Let me remind you that you have 30 days from today to appeal to the Superior Court of Pennsylvania. If you fail to do so, you will lose any

Case# 2018-A0118-5.2 Received at Montgomery County Register of Wills Office on 12/05/2018 12:12 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ADOPTION OF  T.M.C,                    20

right to appeal.

Has a petition requesting a change of permanency goal been filed with the clerk of Juvenile Court for consideration at this time?

MS. TEREBELO:  It has, Your Honor.  I did have proposed orders prepared, but I realized they had the wrong date on them.  They had the Short List date.  So if I may provide them to your staff after the hearing, but we would ask for a ruling regarding changing the goal to adoption.

THE COURT:  All right, in consideration of your oral motion, this Court considers the aggravating circumstances and the significant amount of time that this child has been in the custody of OCY in granting the oral motion, so based on those facts I will grant the motion.

Before we adjourn, let me ask counsel is there anything else that I need to address with regard to this matter today?

MS. TEREBELO:  No, Your Honor.

MS. TEARE:  No, Your Honor.

MS. GRIFFIS:  No, Your Honor.

THE COURT:  This matter is concluded.

(At 11:27 a.m., proceedings were

Case# 2018-A0118-5.2 Received at Montgomery County Register of Wills Office on 12/05/2018 12:12 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ADOPTION OF   T.M.C.                                    21

concluded.)

- - -

ADOPTION OF T. M. C.

## C E R T I F I C A T E

I hereby certify that the proceedings and evidence are contained fully and accurately in the notes taken by me in the above cause and that this is a correct transcript of the same.

LINDA PIERSIG
Official Court Reporter

Case# 2018-A0118.5.2 Received at Montgomery County Register of Wills Office on 12/03/2018 12:12 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.